# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**Brame v. City of North Chicago, 2011 IL App (2d) 100760**

---

| | |
|---|---|
| Appellate Court Caption | CURTIS W. BRAME, Plaintiff-Appellant, v. THE CITY OF NORTH CHICAGO, Defendant-Appellee (Leon Rockingham, Jr., and Michael Newsome, Defendants). |
| District & No. | Second District<br>Docket No. 2-10-0760 |
| Filed | September 6, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In action under the Whistleblower Act alleging that defendant chief of police retaliated against plaintiff officer for disclosing to defendant mayor information about chief's suspected criminal activity, summary judgment was improperly entered for defendants on the ground that the Act did not support a claim based on reporting unlawful activity to an employer that is a government or law-enforcement agency, because the Act is intended to afford relief to employees retaliated against for reporting criminal activity to government or law-enforcement agencies, even if the agency is the reporter's employer, and there are no exceptions in the Act. |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 08-CH-3638; the Hon. Mitchell L. Hoffman, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on Appeal     Terence J. Moran, Karyn L. Bass Ehler, and Mark A. Cisek, all of Hughes Socol Piers Resnick & Dym, Ltd., of Chicago, for appellant.

Julie A. Bruch and Joshua S. Abern, both of O'Halloran, Kosoff, Geitner & Cook LLC, of Northbrook, for appellee.

Panel     JUSTICE BURKE delivered the judgment of the court, with opinion.

Justices Schostok and Hudson concurred in the judgment and opinion.

## OPINION

¶ 1     Plaintiff, Curtis W. Brame, a lieutenant of the North Chicago police department, brought a complaint under section 15(b) of the Whistleblower Act (Act) (740 ILCS 174/15(b) (West 2010)) against defendants, the City of North Chicago (City); the mayor of the City, Leon Rockingham, Jr.; and the chief of police, Michael Newsome, alleging that the chief retaliated against him for disclosing information to the mayor concerning what plaintiff believed was criminal activity committed by the chief. Under the Act, an employer "may not retaliate against an employee for disclosing information to a government or law enforcement agency." 740 ILCS 174/15(b) (West 2010).

¶ 2     Defendants filed a combined motion for summary judgment, arguing, *inter alia*, that the Act does not support plaintiff's claim for reporting suspected unlawful activity to his own employer, even if that employer is a government or law-enforcement agency, and that there is no individual liability under the Act. The trial court agreed and granted defendants' motion. Newsome and Rockingham did not file appellee briefs, as their motion was granted without objection.

¶ 3     Plaintiff raises an issue of first impression on appeal: whether section 15(b) of the Act supports a cause of action for disclosing suspected unlawful activity to one's own employer who also happens to be a government or law-enforcement agency. We hold that the plain language of the Act supports such a cause of action and that no exceptions apply if the government or law-enforcement agency is also the employer. We further find that genuine issues of material fact remain as to whether plaintiff had a reasonable belief that a crime had been committed or whether plaintiff's shift change was a retaliatory adverse employment action. Accordingly, we reverse the trial court's judgment and remand for further proceedings.

¶ 4     We begin with our standard of review. Summary judgment is appropriate if the pleadings, depositions, and admissions on file show there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2010). We review *de novo* a trial court's decision granting summary judgment. *Mydlach v.*

*DaimlerChrysler Corp.*, 226 Ill. 2d 307, 311 (2007).

¶ 5      We also must consider rules of statutory construction. When construing a statute, our goal is to determine and effectuate the legislature's intent, best indicated by giving the statutory language its plain and ordinary meaning. *Weather-Tite, Inc. v. University of St. Francis*, 233 Ill. 2d 385, 389 (2009). This court will not depart from the statute's plain language by reading in exceptions, limitations, or conditions in conflict with the legislature's intent. *Weather-Tite*, 233 Ill. 2d at 390.

¶ 6      Section 15(b) of the Act provides:

"An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation." 740 ILCS 174/15(b) (West 2010).

¶ 7      Plaintiff maintains that he complied with the plain language of the Act when he reported the alleged illegal activities to "a government or law enforcement agency," *i.e.*, the mayor, who is the chief executive officer of the City and who also has general supervision and control of the police department. We agree with plaintiff.

¶ 8      The language of the Act is plain and consistent. Clearly, the legislature intended to afford relief to employees retaliated against by their employers for reporting criminal activity to government or law-enforcement agencies. There are no other requirements or exceptions written in the Act. Thus, when plaintiff informed the mayor about the alleged misconduct of the chief, plaintiff disclosed the information to a government or law-enforcement agency. In fact, plaintiff brought his concerns to one of the highest government or law-enforcement officials in the jurisdiction where the suspected illegal conduct took place. That plaintiff disclosed the alleged criminal activity to his own employer, who also happens to be the head of a "government or law enforcement agency," does not change the outcome. The result is dictated by the plain language of the Act.

¶ 9      Although this is an issue of first impression in Illinois, the City nevertheless argues that federal courts interpreting section 15(b) have consistently found that an employee reporting within that employee's own company about an alleged criminal violation falls outside the Act. See *Riedlinger v. Hudson Respiratory Care, Inc.*, 478 F. Supp. 2d 1051, 1054-55 (N.D. Ill. 2007) (employee had no right to recovery under the Act where he revealed information only to his employer and not some government or law-enforcement agency); *Washington v. Ass'n for Individual Development*, No. 09 C 2478, 2009 WL 3616453, at *3 (N.D. Ill. Oct. 29, 2009) (plaintiff's complaint did not allege that he reported any information to a government or law-enforcement agency); *Jones v. Dew*, No. 06 C 3577, 2006 WL 3718053, at *4 (N.D. Ill. Dec. 13, 2006) (the Act does not protect an employee who discloses information to his own company); *Smith v. Madison Mutual Insurance Co.*, No. 05CV00142DRH, 2005 WL 1460301, at *1 (S.D. Ill. June 21, 2005) ("[w]hile the Act prevents retaliation against an employee who disclosed information to a government or law enforcement agency, it does not protect an employee who disclosed information to her own company"). However, none of these cases involved an employee who disclosed information to a government or law-enforcement agency, as the Act requires. None of the employers in

those cases was a government or law-enforcement agency, like the mayor is in this case. We find the cases irrelevant and inapplicable.

¶ 10    The City maintains that *Clark v. Moline Public Library*, No. 09-4054, 2010 WL 331726, at *4 (C.D. Ill. Jan. 26, 2010), is directly on point because it holds that an action will not lie when an employee complains internally to his or her own *governmental* employer. In *Clark*, a librarian reported the alleged illegal activity of her supervisor to the library board and then to Moline's human resource department. Clark argued that both the board and Moline's human resource department were government agencies. Noting that section 5 of the Act defines "employer" as "a political subdivision of the State; a unit of local government; *** [and] any authority including a department, division, bureau, board, commission, or other agency of these entities" (740 ILCS 174/5 (West 2008)), the court concluded that, by reporting the alleged misconduct only to the board and Moline's human resource department, Clark had done nothing more than report the alleged misconduct to her employer, and she thus was not protected by the Act. *Clark*, 2010 WL 331726, at *4.

¶ 11    Contrary to the City's assertion, *Clark* is not dispositive, as the court did not fully analyze the issue. Rather, the *Clark* court concluded that the board and Moline's human resource department were Clark's employers, based on the definition of "employer" set forth in section 5 of the Act. The court then applied the holding in *Reidlinger*, that there is no cause of action under the Act where an employee reveals information only to his or her employer, even though *Reidlinger* did not involve a governmental employer. The *Clark* court, in its unpublished order, did not engage in any statutory construction regarding disclosing information to a government or law-enforcement agency, and the court never made a specific finding that Clark reported the alleged discrimination to a government or law-enforcement agency.

¶ 12    The City further argues that, if plaintiff had "truly been a whistleblower" and gone to "the Illinois State Police, the Illinois Attorney General's office or some other outside agency," he would have been protected by the Act because those entities were not his employers. It is not that a municipal employee like plaintiff could not have reported to his own governmental employer or that a municipal employee must report to an outside source; the statute requires an employee only to report to a government or law-enforcement agency, and no exceptions apply if a government or law-enforcement agency is also the employer. Had the legislature intended that the Act not apply to reports made to an employee's own government or law-enforcement agency employer, it certainly would have included such a limitation. It is difficult to perceive that the legislature did not intend the Act to protect a police officer from retaliation for reporting the illegal conduct of fellow officers to his superiors in the department.

¶ 13    The City last contends that it is nevertheless entitled to summary judgment because: (1) plaintiff had no reasonable belief that a crime had been committed and (2) plaintiff's change to the midnight shift cannot be viewed as retaliation under the Act. Generally, reasonableness is a question of fact rather than a question of law, unless reasonable minds could not differ. *Gerwin v. Livingston County Board*, 345 Ill. App. 3d 352, 362 (2003). In regard to the first argument, the City maintains that the undisputed facts support the exception by establishing that reasonable minds could not differ, such that we may address the issue as a question of

law. We disagree that the exception applies and decline to hold that, as a matter of law, based on the evidence presented (which must be construed liberally in plaintiff's favor), reasonable minds could not differ regarding whether plaintiff reasonably believed that a crime had been committed. As to the second argument, the City asserts that a shift change can never amount to retaliation under the Act, as a matter of law. We decline to hold that a shift change can never be actionable "retaliation" under the Act.

¶ 14 Based on the preceding, we hold that plaintiff's complaint is actionable under the Act. Accordingly, the trial court's grant of summary judgment in favor of the City and against plaintiff is reversed and the cause is remanded for further proceedings.

¶ 15 Reversed and remanded.